516

BLOWER ET, PLAINTIFF, *v.* ALSIDE HOMES CORP., DEFENDANT.

Common Pleas Court, Summit County.

No. 232745. Decided January 3, 1963.

*Messrs. Roetzel, Hunsicker & Michaels,* for plaintiff.
*Mr. Marvin Manes,* for defendant.

EMMONS, J. The Trustees of Northampton Township bring this action for a declaratory judgment, in their official capacity, against Alsides Homes Corporation wherein it is sought that the Court determine whether the fee schedule prescribed by the Northamption Township Zoning Resolution is valid and for the Court to declare the rights of the parties and determine the question of the validity of the resolution.

Upon trial being duly had the Court finds that in November, 1957, Northampton Township adopted a zoning resolution for all of the unincorporated territory within the township, without a provision, however, for an industrial district. This situation was corrected in September, 1960 wherein the amended resolution contained in part:

Article XIII, Section A-3 (e)

"Zoning Certificate Fee B-1 and 'I' Districts."

"Structures or additions having a foundation area of 1000 square feet or less shall be charged a fee of $35.00—additional area up to 50,000 square feet, shall be charged at the rate of $10.00 per 1000 square feet, all additional area above 50,000 square feet, shall be charged at the rate of $5.00 per 1000."

On or about November 15, 1961, the defendant company applied for a zoning certificate to erect a single story structure containing 312,000 square feet, to be used for manufacturing. This being planned in the Industrial Districts, the Zoning

Inspector issued a certificate to permit Alsides to erect such structure. As an accommodation, the Inspector issued the permit but did not collect the fee at that time, since he then had not as yet figured the same. The building has been erected, but the defendant company refuses to pay the zoning permit fee because it claims the amount of the fee is unreasonable and excessive and amounts to a revenue producing ordinance rather than a fee to defray expenses incurred.

There was evidence that in 1958 the expenditures incidental to zoning were in the sum of $1,466.39 and fees of $749.00; in 1959 expenses of $1,988.21 and fees of $1,512.00; in 1960 expenses of $3,253.37 and income of $2,410.55; and in 1961 expenditures of $1,362.16 and a fee income of $2,811.36, for a total expense for the four years immediately preceding 1962 of $8,070.13 as compared to a fee income for this period of $7,482.19.

The fee asked of the defendant company was in the sum of $1,840.00. There was introduced in evidence a comparison sheet of what other townships in the County are charging for zoning certificates. However, I agree with counsel for the defendant that this is irrelevant and immaterial and the Court is disregarding this exhibit.

The circumstance of each case is the yardstick in measuring the reasonableness of the license fee and it cannot be determined by hard and fast rule of law.

In *McGowen* v. *Shaffer*, 65 Ohio Law Abs., 138, this Court held:

"While fees adopted by a Board of Health in a General Health District must not be grossly out of proportion of the costs of issuing licenses, permits and the cost of inspection, it is not necessary that the fees charged will exactly balance the expense incurred and whether or not the surplus of fees over expenses is sufficient to render the regulations under which such fees were to be established, invalid, is a mixed question of law and fact and where no abnormal excess is shown, the Court cannot substitute its judgment as to the expenditures and estimates, for that of the Board."

355 Michigan Reports, 575, *Morelli* v. *City of St. Clair Shores*, it was held that:

"* * * if the amount of the fee is wholly out of proportion to the expenses involved, it will be declared a tax and invalid."

The Zoning Inspector herein testified that he received 10% of the industrial fees, 50% of the residential fees, and was paid $6.75 extra for being at the Town Hall every Saturday for three hours giving zoning instructions to the residents.

This Township relies on the zoning fee to help defray the expenses incident to the supervision of zoning and the like and deficiencies existing are paid from the general fund at the end of each fiscal year.

There is no question here as to the lawful enactment of the zoning fee schedule. Neither is there a question of the authority of the Township to charge a reasonable fee for a zoning certificate. So the only question for the Court to answer in this action is whether the ordinance is a revenue producing measure or one passed to defray expenses incurred in zoning.

Counsel for the defendant assumes the position that the only cost was a 10% charge of the fee made by the inspector, thereby leaving 90% unaccounted for and such difference between income and expense makes this ordinance a revenue producing one.

The residents have the right to expect every department of the Township to be self-supporting insofar as possible, but fees levied should not be of such amount as to defray the cost of the operation of other departments.

As was pointed out by counsel for the Township Trustees, the overall picture of zoning must be scanned as to expenditures. The fee of the Zoning Inspector and his other charges; the salary of the Clerk; the cost of the maintenance of a Board of Appeals; the other administrative and regulative costs; supplies, and in some instances attorney fees, are all matters of expense that must be considered in passing on the reasonableness of the fee.

It was not the intention of the law to separate the various component parts of a division of government and say that an integral part has a certain operating expense and another one a different maintenance cost, but rather the entire body must recoup the expense to which it has been put insofar as possible, and in this case, by the enactment of a license or zoning permit.

*Films, Inc.* v. *Department of Education,* 159 Ohio St., 315, Syllabus 4:

"The fees required * * * even though such fees exceed to some extent the necessary costs for making the inspection, constitute license fee and not a tax and are therefore, not discriminatory or unlawful."

The records of the Zoning Department showed a deficit each year from 1958, excepting 1961, and while this fee may seem large for this isolated case, nevertheless in looking at the operational expense of this branch of government and the picture thereof in general, the charge is not so excessive and unusual as to be a tax, but one helping to defray the necessary expenses of Township Zoning in Northampton.

The Court finds the fee is reasonable, necessary, and in no sense a tax, and that Article XIII, Sec. A-3 (e) is a valid resolution or ordinance.

Journal Entry to be prepared.